**Exhibit 5(a) to Joint Pretrial Order**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ENCOMPASS OFFICE SOLUTIONS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **NO: 3:11-CV-01471-P** |
| **BLUECROSS BLUESHIELD** | § | |
| **OF TEXAS, A DIVISION OF HEALTH** | § | |
| **CARE SERVICE CORPORATION, ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

### BLUE CROSS AND BLUE SHIELD OF LOUISIANA'S PROPOSED JURY CHARGES

Pursuant to the Court's Order (Doc. 281), ¶ 9(b) and Local Rule 16.4, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana, ("BCBSLA"), submits these Proposed Jury Charges for inclusion in the Court's charge submitted to the jury. BCBSLA reserves the right to object to the submission of any instruction, questions, or definition. BCBSLA further reserves the right to offer additional or modified instructions, questions, or definitions prior to submission of the Court's charge to the jury.

Dated: September 10, 2013.

Respectfully submitted,

By: /s/ Jonathan M. Herman
　　　Jonathan M. Herman (TX Bar No. 24052690)
　　　MIDDLEBERG, RIDDLE & GIANNA
　　　717 N. Harwood, Suite 2400
　　　Dallas, Texas 75201
　　　Telephone:　　(214) 220-6300
　　　Facsimile:　　(214) 220-6807
　　　jherman@midrid.com

and

Allison N. Pham (TX Bar No. 24053399)
Charles A. O'Brien, III, *Pro Hac Vice*
5525 Reitz Avenue
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone:        (225) 295-2199
Facsimile:        (225) 297-2760

*Attorneys for Defendant Louisiana Health Service*
*& Indemnity Company, d/b/a Blue Cross and Blue*
*Shield of Louisiana*

## <u>CERTIFICATE OF SERVICE</u>

On September 10, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

/s/ Jonathan M. Herman
Jonathan M. Herman

## PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence.  Then, the defendant will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.  If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent

memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

Source: 1.1 — Fifth Circuit Pattern Jury Instructions, Civil.

**FIRST RECESS**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Source: 2.1 — Fifth Circuit Pattern Jury Instructions, Civil.


**STIPULATIONS OF FACT**

The parties have agreed, or stipulated, to certain facts which will be provided to you as a list. This means that both sides agree that this is a fact.  You must therefore treat this fact as having been proved.

Source: 2.3 — Fifth Circuit Pattern Jury Instructions, Civil.

**BENCH CONFERENCES AND RECESSES**

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess.  We meet because often during a trial something comes up that doesn't involve the jury.

Source: 2.7 — Fifth Circuit Pattern Jury Instructions, Civil.


**DEMONSTRATIVE EVIDENCE**

Certain exhibits used by the parties may be an illustration.  It is a party's description or illustration of something involved in this trial.  If your recollection of the evidence differs from the exhibit, rely on your recollection.

Source: 2.8 — Fifth Circuit Pattern Jury Instructions, Civil.


**DUTY TO DELIBERATE**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Source: 2.11 — Fifth Circuit Pattern Jury Instructions, Civil.


**INSTRUCTIONS ON DELIBERATION**

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Return this charge together with your written answers to the questions.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

Source: 2.12 — Fifth Circuit Pattern Jury Instructions, Civil.

**BIAS-CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Source: 2.13 — Fifth Circuit Pattern Jury Instructions, Civil.

**IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

Source: 2.16 — Fifth Circuit Pattern Jury Instructions, Civil.

**CONSIDERATION OF THE EVIDENCE**

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence-—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Source: 2.18 — Fifth Circuit Pattern Jury Instructions, Civil.


**BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN**

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Source: 2.20 — Fifth Circuit Pattern Jury Instructions, Civil.

**CONSIDER DAMAGES ONLY IF NECESSARY**

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled.  You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.  It is your task first to decide whether the defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

Source: 15.1 — Fifth Circuit Pattern Jury Instructions, Civil.


**CAUTIONARY INSTRUCTION ON DAMAGES**

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

Source: 2.22 — Fifth Circuit Pattern Jury Instructions, Civil.


**COMPENSATORY DAMAGES**

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole— that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

Source: 15.2 — Fifth Circuit Pattern Jury Instructions, Civil.


**MULTIPLE CLAIMS— MULTIPLE DEFENDANTS**

You must not award compensatory damages more than once for the same injury.  For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim.  The plaintiff is

only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

With respect to punitive damages, you may make separate awards on each claim that plaintiff has established.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim. Although there are two defendants in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable. Each defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

You may find that more than one defendant is liable for a particular injury. If so, the plaintiff is not required to establish how much of the injury was caused by each particular defendant whom you find liable. Thus, if you conclude that the defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages. If you decide that both of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without determining individual percentages of liability.

Source: 15.14 — Fifth Circuit Pattern Jury Instructions, Civil.

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort.  If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing his damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.  However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.  The defendant has the burden of proving the damages which the plaintiff could have mitigated.  In deciding whether to reduce the plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

Source: 15.15 — Fifth Circuit Pattern Jury Instructions, Civil.

**PROPOSED SPECIAL JURY INSTRUCTIONS**

Blue Cross and Blue Shield of Louisiana further requests that the Court give the following proposed special Jury Instructions:

**PROPOSED JURY INSTRUCTION NO. 1**

**CREDIBILITY OF A WITNESS**

In judging the credibility of the witnesses which you have heard, you should have in mind the rule that a witness is presumed to speak the truth about facts within his knowledge. This presumption, however, may be overcome by contradictory evidence, by the manner in which the witness testified, by the character of his testimony, or by evidence that pertains to his motives.

When you weigh the credibility of a witness, you should consider the interest, if any, which he or she may have in the outcome of the case; the ability to know, remember and tell the facts to you; his or her manner of testifying, as to sincerity and frankness; and the reasonableness or unreasonableness of the testimony in light of all other evidence. You do not have to accept all of the testimony of a witness as being true or false. You may accept and believe those parts of the testimony that you consider logical and reasonable, and reject those parts that seem impossible or unlikely.

**Authority:** H. Alston Johnson, 18 *Louisiana Civil Law Treatise: Civil Jury Instructions* Section 2.04 (1994).

## PROPOSED JURY INSTRUCTION NO. 2

## CONSIDER ONLY EVIDENCE PRESENTED AT TRIAL

If there is publicity about this trial, you must ignore it.  You must decide this case only from the evidence presented in the trial.  Do not read anything or listen to any TV or radio programs about the case.  This means that you must also set aside your own personal knowledge of, feelings for, and/or experience with Blue Cross and Blue Shield of Louisiana and the knowledge, feelings, and/or experience of your friends and family.  You must determine this case based solely on the evidence presented in the courtroom, and you must not consider anything else that you have experienced, heard, read or learned about anywhere else.

**Authority**: *See* Fifth Circuit Civil Pattern Jury Instruction No. 2.6, modified herein.

## PROPOSED JURY INSTRUCTION NO. 3

## INTENTIONAL TORTS – INTENT GENERALLY

With respect to the intentional tort claim made by the plaintiff, the basic standard applicable to the defendants is that they must refrain from intentional invasions of, or interference with, the physical integrity of the plaintiff. By "intent" in this context, I mean the purpose or state of with which a person acts.

Intent means that the actor either (1) consciously desires the physical result of its actions or (2) knows that the result is substantially certain to follow from its actions. An actor intends something when he subjectively wants it to happen, or when it must have realized to a virtual certainty that it would happen.

"Substantially certain" means "virtually sure" or "really inevitable." You should determine whether the defendants knew there was almost no chance that the harmful consequences would not occur.

**Authority:** H. Alston Johnson, 18 *Louisiana Civil Law Treatise: Civil Jury Instructions* Sections 14.01, 14.02, and 14.03 (1994).

## PROPOSED JURY INSTRUCTION NO. 4

### DEFAMATION

Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name.  To maintain an action for defamation, plaintiff must prove the following by a preponderance of the evidence:  (1) that the defendant wrote defamatory words about the plaintiff; (2) that the words were communicated to someone other than the plaintiff; (3) that the words were false; (4) that the defendant wrote them when it knew or should have known that they were false; and (5) that the plaintiff was actually harmed by the defamation.

Thus, in order to sustain a claim for defamation, plaintiff must prove that Blue Cross and Blue Shield of Louisiana, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.  Malice (or fault), for purposes of the tort of defamation, is a lack of reasonable belief in the truth of the statement giving rise to the defamation.  Defamatory words are, by definition, words that tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose a person to contempt or ridicule.

The intent and meaning of an alleged defamatory statement must be gathered not only from the words in question, but from the context as well.  And the true meaning must be ascertained from a consideration of all parts of the statement and the circumstances of its publication. The test is the effect the statement is fairly calculated to produce—the impression it would naturally engender—in the minds of the average persons among whom it is intended to circulate.

Regardless of the type of injury asserted, the plaintiff must present competent evidence of the injuries suffered.  The plaintiff must also demonstrate that the defamatory statements were a

substantial factor in causing the damages/injuries alleged.

If even one of the above noted required elements is lacking, the plaintiff's cause of action

for defamation must fail.

**Authority:** *Costello v. Hardy*, 03-1146, p. 11–16 (La. 1/21/04); 864 So. 2d 129, 139-41; *Madison v. Bolton,* 102 So. 2d 433, 438 (La. 1958); *Allen v. Thompson Newspapers, Inc.*, 2004-1344, p. 2–4 (La. App. 3 Cir. 2/2/05); 893 So. 2d 227, 229; H. Alston Johnson, 18 *Louisiana Civil Law Treatise: Civil Jury Instructions* Section 14.13 (1994).

## PROPOSED JURY INSTRUCTION NO. 5

## DEFAMATION

Even if the plaintiff is able to prove the essential elements of his claim for defamation, he may not recover for his claim of defamation if Blue Cross and Blue Shield of Louisiana is able to show that the alleged defamatory statement was true.  Truth is a defense to a defamation claim.

**Authority:** *Costello v. Hardy*, 03-1146, p. 11–16 (La. 1/21/04); 864 So. 2d 129, 139-41.

## PROPOSED JURY INSTRUCTION NO. 6

## QUALIFIED PRIVILEGE DEFAMATION DEFENSE

*NOTE TO JUDGE:* The question of whether a defamatory statement is protected by a qualified privilege is a question of law to be decided by the judge. If the court determines that the communication of the defamatory statement is protected by a qualified privilege, the question of whether the defendant abused this privilege, thus entitling the plaintiff to prevail, is a question for the jury. If only one conclusion can be drawn from the evidence as to this question, the court need not submit the question to the jury. The following instructions are to be given if the court has determined that the statement is protected by a qualified privilege but there is an issue for the jury as to abuse of the privilege.

In Louisiana, privilege is a defense to a defamation action. The doctrine of privilege rests upon the notion that sometimes, as a matter of public policy, in order to encourage the free communication of views in certain defined instances, one is justified in communicating defamatory information to others without incurring liability. A conditional or qualified privilege arises when the interest that an individual is seeking to vindicate or to further is regarded as sufficiently important to justify some latitude for making mistakes so that publication of defamatory statements is deemed to be conditionally or qualifiedly privileged. As a matter of law, the defendant's statements are protected by a qualified privilege.

If you determine that the plaintiff has proven all five elements of defamation, you must further determine whether the plaintiff has also proven that the defendant has abused its qualified privilege. Specifically, the plaintiff must prove that the defendant knew that its statements were false when made or that it made the statements with a reckless disregard for the truth. A person

acts with a reckless disregard for the truth when he or she makes a false statement with a high degree of understanding that the statement is probably false.

**Authority:** *Kennedy v. Sheriff of E. Baton Rouge*, 05-C-1418, p. 16–17, 24–28 (La. 07/10/06); 935 So. 2d 669, 681, 686–688; *Anderson v. Oster*, 10-0293, 2011 U.S. Dist. LEXIS 21219, 6 (E.D. La. Mar. 3, 2011).

## PROPOSED JURY INSTRUCTION NO. 7

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

Protection of a citizen in the pursuit of his business is as important as the security of his person and property.  No person is privileged to injure another in his business.  Thus, Louisiana law protects the businesses from malicious and wanton interference, permitting only interferences designed to protect a legitimate interest of the actor.

To recover for an invasion of a business interest, the plaintiff must show that the defendant improperly and maliciously influenced others not to deal with him.  The plaintiff must show that the defendant acted with actual malice.  This is a very narrow requirement and generally involves a showing of spite or ill will.  Conduct driven by a profit motive is insufficient to support a claim for tortious interference with a prospective business relationship.

Certainly a person may do business with whomever he chooses, and may if not prohibited by statute decline to do business with whomever he chooses.  But his right to influence others not to do business with someone is much more limited and is subject to the restrictions above.

**Authority:** *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir. 1992); *Marshall Invs. Corp. v. R.P Carbone Co.*, 2006 U.S. Dist. LEXIS 69146, 15 (E.D. La. Sept. 13, 2006); *JCD Mktg. Co. v. Bass Hotels & Resorts, Inc.*, 2001-CA-1096, p. 11 (La. App. 4 Cir. 3/6/02); 812 So. 2d 834, 841; H. Alston Johnson, 18 *Louisiana Civil Law Treatise: Civil Jury Instructions* Section 14.18 (1994).

## PROPOSED JURY INSTRUCTION NO. 8

## TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

*NOTE TO JUDGE:*  To prove this cause of action, the plaintiff must first prove that the defendant owed the plaintiff a narrow, individualized duty, the breach of which would constitute an intentional interference with a contract.  Broad, general duties applicable outside of the specific relationship between the plaintiff and the defendant that is the subject of this suit will not support a claim for tortious interference with contractual relationship.  The question of whether duty exists is a question of law.  The following instructions are to be given if the court has determined that the defendant owed the plaintiff a duty that will support the plaintiff's tortious interference claim.

Tortious interference with a contractual relationship occurs when a person interferes with another's contractual relationship intentionally and without legitimate justification.  To prevail on a tortious interference with a contractual relationship, it must prove the following five elements:   1) The existence of a contract or legally protected interest; 2) the defendant's knowledge of the contract; 3) the defendant's intentional inducement or causation of the breach of that contract or intentional rendering of its performance impossible, 4) the defendant's lack of a justification for the alleged misconduct, and 5) resulting injury.

If even one of the above noted required elements is lacking, the plaintiff's cause of action for tortious interference with a contractual relationship must fail.

**Authority:** *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 395–96 (5th Cir. 2012); *Roberts v. Benoit*, 605 So. 2d 1032, 1043 (La. 1991); *9-5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 234 (La.1989); *MD Care, Inc. v. Angelo*, 95-C-2361, p. 8–9 (La. App. 4 Cir. 3/20/96); 672 So. 2d 969, 973; *Neel v. Citrus Lands of La., Inc.*, 629 So. 2d 1299, 1301 (La. App. 4 Cir. 1993).

## PROPOSED JURY INSTRUCTION NO. 9

## LOST PROFITS

Plaintiff claims that it should be awarded the amount of profits it lost because of the defendant's alleged tortious conduct.  If you find that plaintiff has sustained the burden of proving that it is entitled to lost profits, you should next consider the measure of those damages.

Plaintiff has the burden to prove the measure of its lost profits with reasonable certainty. This proof cannot be based on speculation, conjecture, or mere estimate of losses.  Further, a claim for lost profits cannot rest solely on the testimony of the injured party without being substantiated by other evidence.

Lost profits are generally calculated by deducting the expenses that would have been incurred from the gross revenues that would have been realized.  Fixed costs—those that do not vary with changes in output—are not deducted from gross revenue when calculating an award.

**Authority:** *Smith v. Shirley*, 01-1249 (La. App. 3 Cir. 2/6/02); 815 So. 2d 980; *Pelts & Skins Exp. v. State*, 97 2300 (La. App. 1 Cir. 4/1/99); 735 So. 2d 116; *Riverwalk Assocs. V. R.P. Guastell, Inc.*, 94-2092 (La. App. 4 Cir. 11/16/95), 664 So. 2d 151.

## PROPOSED JURY INSTRUCTION NO. 10

## PAYMENTOF CLAIMS—HEALTH INSURANCE POLICIES

All claims arising under the terms of health contracts issued in Louisiana, except for accidental death, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist.  The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments.

Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health benefits due under the terms of the policy or contract during the period of delay, together with attorney fees to be determined by the court.

An award of penalties and attorney fees under this statute serves as a punishment, and therefore must be applied with great care.  The burden is on the plaintiff to prove arbitrariness and capriciousness or lack of probable cause.  Thus, the plaintiff must prove that the insurer had sufficient proof that payment on a claim was due to establish that the insurer was arbitrary and capricious in denying the claim.  If the insurer has a good faith, reasonable explanation for its failure to timely pay on a claim, then the penalty provisions should not apply.  Also, when a reasonable disagreement exists between an insurer and an insured, it is not arbitrary and capricious or without probable cause on the part of the insurer to deny payment on the claim that is in dispute.  Whether there are just and reasonable grounds exist is a question of fact.

**Authority:** La. Rev. Stat. Ann. § 22:1821 (2013); *Scott v. Unum Life Ins. Co. of Am.*, 80 So. 3d 740, 751 (La. App. 2 Cir. 2011).