**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ENCOMPASS OFFICE SOLUTIONS, INC., | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. 3:11-cv-01471-M |
| | § | |
| v. | § | Hon. Barbara M.G. Lynn |
| | § | |
| LOUISIANA HEALTH SERVICE & INDEMNITY | § | |
| CO. D/B/A BLUECROSS BLUESHIELD OF | § | |
| LOUISIANA, | § | |
| | § | |
| *Defendant.* | § | |

## [PROPOSED] COURT'S CHARGE TO THE JURY

Pursuant to the Order entered June 1, 2016, Plaintiff Encompass Office Solutions, Inc. ("Encompass") and Defendant Louisiana Health Service & Indemnity Co. d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA") (collectively, the "Parties") file this Proposed Court's Charge to the Jury. The areas that are agreed upon are labeled "[Joint]" immediately before the question at issue; the questions that are not agreed to are identified as [Encompass's Proposed] followed by "[BCBSLA's Proposed]" immediately before the question at issue:

## MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court in these instructions, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

When a corporate entity is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee acting in a supervising or managerial capacity of a corporate entity may bind that entity by his or her acts and declarations made while acting within the scope of his or her duties as an employee of that corporate entity.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, and stipulated facts. Stipulated

facts must be accepted as proven facts.  Any evidence as to which an objection was sustained by the Court and any evidence ordered stricken by the Court, must be entirely disregarded.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Generally speaking, there are two types of evidence which a jury may consider in properly finding the truth as to the facts in this case.  One is "direct" evidence — such as testimony of an eyewitness.  The other is "indirect" or "circumstantial" evidence — the proof of a chain of circumstances which points to the existence or nonexistence of certain facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from a preponderance of all the evidence, both direct and circumstantial.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.  You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her

testimony.  In weighing the testimony of a witness, you should consider his or her relationship to Plaintiff or to Defendants; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

During the trial of this case, certain testimony has been read to you by way of depositions, consisting of sworn answers to questions asked of the witnesses in advance of trial. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by the jury in the same way, insofar as possible, as if the witness had been present and had given from the witness stand the same testimony as given in the deposition.

I will instruct you as to which party has the burden of proof on each essential element of its claim in the case.  The party having the burden of proof on each issue of fact must prove that fact by a "preponderance of the evidence."  Unless otherwise instructed, you must answer all questions from a preponderance of the evidence.  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not

true.  In other words, to establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have introduced them.  If the proof should fail to establish any essential element of Encompass's or BCBS Louisiana's claims by a preponderance of the evidence, the jury should find for the other party as to that claim.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time he or she said or did something, or failed to say or do something, which is inconsistent with the witness' present testimony.  If you believe that any witness has been so impeached, it is in your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed.  A "yes" answer must be based on a preponderance of the evidence.  If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

After I have completed reading these instructions and reviewing the verdict form and jury questions with you, counsel will have the opportunity to make their closing arguments.

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that all members of the jury agree to it.  You therefore may not enter into an agreement to be bound by a majority or any vote other than a unanimous one.

Remember at all times that you are not partisans.  Rather, you are judges — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one juror to act as your presiding officer who will preside over your deliberations and will be your spokesperson here in Court.  A verdict form has been prepared for your convenience.  Your presiding officer will sign in the space provided below after you have reached your verdict.

If, during your deliberations, you wish to communicate with the Court, you should do so only in writing by a note handed to the Deputy Marshal and signed by the presiding officer.  During your deliberations, you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return these instructions together with your written answers to the questions that I will submit to you.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

Date:   June _____ , 2016.


_____
BARBARA M.G. LYNN
CHIEF JUDGE

## STIPULATIONS OF FACT

The parties have agreed, or stipulated, to certain facts listed below.  This means that both sides agree that this is a fact.  You must therefore treat this fact as having been proved.

1.      Encompass provides equipment, drugs, supplies, and licensed nursing personnel to assist a physician to perform a surgery in the physician's office.

2.      The State of Texas does not license mobile providers of ambulatory surgical care such as Encompass.

3.      Encompass is not, and has never been, licensed by the Texas Department of State Health Services.

4.      The State of Louisiana does not license mobile providers of ambulatory surgical care such as Encompass.

5.      Encompass is not, and has never been, licensed by the Louisiana Department of Health and Hospitals.

6.      Encompass was accredited for Ambulatory Health Care by the Joint Commission effective April 17, 2009 until after it ceased operations in the State of Louisiana.

7.      Encompass performed services for each patient for whom it submitted a claim form to BCBSLA.

8.      Encompass collected a "prompt-pay co-insurance" amount from each of the BCBSLA participants/beneficiaries for whom it seeks to recover benefits by this lawsuit before the patient's surgery was performed.

9.      Encompass submitted all claims at issue on a CMS-1500 claim form using place of service code 11, the CPT code for the procedure that was performed, and a TC modifier. Place of service code 11 stands for "Office," and the "TC" modifier stands for "Technical

Component." The CPT code denoting the procedure and the place of service code were the same CPT code and place of service code that the treating physician used.

10.     BCBSLA generally pays a professional fee to its in-network physicians for performing various procedures. When the physician performs the procedures in an Ambulatory Surgical Center or hospital, BCBSLA pays a separate, additional reimbursement to that facility.

11.     Encompass registered to do business in Louisiana effective March 30, 2011.

12.     Encompass did not file a tax return with the State of Louisiana for fiscal years 2008, 2009, and 2010.

13.     Encompass did not call BCBSLA to verify patient benefits prior to performing services.

14.     On August 16, 2010, Dawn Cantrell, BCBSLA's Vice President of Provider Network Administration, issued a letter stating as follows: "Encompass is not eligible to participate in the BlueCross networks and is considered an out-of-network provider. Please do not use Encompass for services provided to BlueCross or HMOLA members since the facility fees charged by Encompass are not covered, even when they are billed by a network physician. Encompass would have to be a Louisiana licensed DHH-approved ambulatory surgery facility in order to be eligible for payment of these facility charges. You should also accept your contracted allowable charge for any eligible in-office surgeries you normally perform to be counted as payment in full and not allow Encompass to submit claims to Blue Cross. Please ensure that your Blue Cross patients are able to receive network benefits for the services they receive from you by using participating providers. If we find that any network physician is repeatedly using Encompass to deliver facility and procedure services that are not eligible for benefits and our

members are being billed for these facility charges, the network physician will be subject to termination from the Blue Cross networks."

15.     Encompass received a copy of BCBSLA's August 16, 2010 letter on or about August 19, 2010.

16.     BCBSLA did not deny any of Encompass' claims for lack of a license.

17.     Encompass billed $6,200 for its surgical services on all claims submitted to BCBSLA.


**[Encompass's Proposed]      ENCOMPASS'S BREACH OF CONTRACT CLAIM**

Encompass claims that BCBS Louisiana did not comply with the health benefits agreements it had with its plan members.  The burden is on Encompass to prove that payment on a claim was due and that BCBS Louisiana failed to pay that claim.

**[Encompass's Proposed]**      <u>QUESTION NO. 1</u>

Do you find by a preponderance of the evidence that BCBS Louisiana failed to comply with the

health benefit agreements it had with its members?


Answer "Yes" or "No"


ANSWER:                    _____


If you answered "Yes" question No. 1, then answer Question No. 2.  Otherwise proceed to the

defamation claims (pg. __) and Question No. 3.


---

Source:        Texas Pattern Jury Charges 101.2 (2012)
               *Favrot v. Favrot*, 68 So. 3d 1099, 1109 (La. Ct. App. 2011).
               Order on Plaintiff's Motion for a New Trial [Dkt. No. 507]

---

[BCBSLA's Proposed]          <u>QUESTION NO. 1</u>

I.    THE JURY CHARGE ON THE BREACH OF NON-**ERISA** HEALTH PLAN CONTRACTS.

Blue Cross and Blue Shield of Louisiana submits that the question of whether Encompass has standing to pursue a breach of contract claim on the 73 non-ERISA health plans at issue, as an alleged assignee, first requires the predicate determination of whether the anti-assignment clause within those plans bars such an assignment.   This question was subsumed within the submission of the ERISA claims for adjudication following the close of the last trial.   *See also* Doc. No. 502, pp. 17-20 (listing all previously tried ERISA and non-ERISA plan-based affirmative defenses which bar payment to Encompass).

Nevertheless, in connection with the jury charge which formed the basis of Judge Solis's decision to grant Plaintiff's Motion for a New Trial (Doc. No. 507), Defendant Blue Cross and Blue Shield of Louisiana objects to Encompass's proposed jury charge on the non-ERISA breach of contract claims as being an incorrect statement of Louisiana law.   Rather, the law applicable to "all claims arising under [non-ERISA] health plan contracts" is set forth in La. R.S. 22:1821(A). Blue Cross and Blue Shield of Louisiana submits the below jury instruction and concomitant charge appropriately sets forth the inquiry under prevailing Louisiana law.

<u>BLUE  CROSS  AND  BLUE  SHIELD  OF  LOUISIANA'S  JUST  AND
REASONABLE CAUSE</u>

Louisiana law provides that all claims arising under health plan contracts shall be paid not more than thirty days from the date written notice and proof of the claim are submitted to the insurer in the required form, unless just and reasonable grounds exist to delay or deny payment. Just and reasonable grounds are the sort which would put a reasonable and prudent businessman on his guard.

The burden is on Encompass to prove Blue Cross and Blue Shield of Louisiana did not have just and reasonable grounds to delay or deny payment based on the information known to Blue Cross and Blue Shield of Louisiana at the time it made its decision. Blue Cross and Blue Shield of Louisiana has a just and reasonable cause to delay or deny payment if it has a good faith, reasonable explanation for its failure to timely pay on a claim.

**QUESTION**

Did just and reasonable grounds exist for Blue Cross and Blue Shield of Louisiana to delay or deny payment to Encompass?

*See* La. R.S. 22:1821(A); and s*ee* <u>Scott v. Unum Life Ins. Co. of America</u>, 80 So.3d 740, 750-51 (La. App. 2 Cir.2011) (quoting <u>Stewart v. Calcasieu Parish School Bd.</u>, 2005-1339, pp. 4-5 (La. App. 3[d] Cir.5/3/06), 933 So.2d 797, 801, *writ denied*, 2006-1910 (La. 11/3/06), 940 So.2d 666); *see also* <u>Doiron v. Conseco Health Ins. Co.</u>, 279 F.App'x 313, 317 (5th Cir.2008) (citing <u>Stewart</u>).

**[Joint]**          <u>**ENCOMPASS'S BREACH OF CONTRACT DAMAGES**</u>

If you find that Encompass has proved any of its claims against BCBS Louisiana, you must determine damages to be awarded to Encompass.  Encompass has the burden of proving those damages by a preponderance of the evidence unless otherwise instructed.

You should not interpret the fact that I have given instructions about Encompass's damages as an indication in any way that I believe that Encompass should, or should not, win this case.  It is your task first to decide whether BCBS Louisiana is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that BCBS Louisiana is liable and that Encompass is entitled to recover money from BCBS Louisiana.

If you decide to award damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  You should not award damages for speculative injuries, but only for those injuries which Encompass or BCBS Louisiana has actually suffered.  On the other hand, the law does not require that Encompass or BCBS Louisiana prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You are instructed that BCBS Louisiana's members at issue have assigned to Encompass any rights they might have to receive reimbursement from BCBS Louisiana.  These assignments mean that Encompass has the right to assert those claims for reimbursement and the right to recover any damages caused by any failure of BCBS Louisiana to comply with its agreements with its members.

**[Joint]**          **QUESTION NO. 2**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Encompass for its damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other:

The amount that BCBS Louisiana was obligated to pay for each claim under its agreements with its members for the services rendered by Encompass.

Do not add any amount for interest on damages, if any.

Please write a dollar amount below.

ANSWER:     $_____ / per claim


Proceed to question No. 3.

**[Joint Except with Respect to Placement, as addressed below]**

## ENCOMPASS'S DEFAMATION CLAIM

A statement is "defamatory" if it is false and tends to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose a person to contempt or ridicule.  In order to prove its defamation claim, Encompass must prove each of the following elements: (1) that BCBS Louisiana wrote defamatory words about Encompass; (2) that the words were communicated to someone other than Encompass; (3) that the words were false; (4) that BCBS Louisiana negligently or maliciously wrote the defamatory words; and (5) that Encompass was actually harmed by the defamation.

Negligence means failure to do what an ordinary prudent person would have done under similar circumstances.  A statement is malicious when it is made with the knowledge that the statement is false or with reckless disregard for whether the statement is false or not.  "Publish" means to negligently or maliciously communicate the matter to a person other than Encompass who is capable of understanding its meaning.

In deciding whether BCBS Louisiana's letter is defamatory, you must construe the letter as a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it.    Nevertheless, Encompass may not recover for its claim of defamation if BCBS Louisiana is able to show that the alleged defamatory statements were true.

**[BCBSLA Proposed]**

**<u>INTENT IN REGARDS TO DEFAMATION AND TORTIOUS INTERFERENCE</u>**

**<u>CLAIMS</u>**

Intent means that the actor either (1) consciously desires the result of its actions or (2) knows that the result is substantially certain to follow from its actions.   An actor intends something when he subjectively wants it to happen, or when it must have realized to a virtual certainty that it would happen.

"Substantially certain" means "virtually sure" or "really inevitable."   You should determine whether BCBS Louisiana knew there was almost no chance that the harmful consequences would not occur.

**[Encompass Submission on Definition of "Intent"]**

A definition of "intent" is not necessary because the word "intent" does not appear anywhere in the jury charge.

**[Joint]**          <u>**QUESTION NO. 3**</u>

The following question pertains to BCBS Louisiana's August 16, 2010 letter.

Do you find by a preponderance of the evidence that Encompass proved its defamation claim?


Answer "Yes" or "No."

 ANSWER: _____


If you answered "Yes" to the question above, proceed to Question No. 4.  If you answered "No,"

do not answer any more questions and proceed to the Certificate page.

**[BCBSLA Proposed]**          <u>**QUALIFIED PRIVILEGE**</u>

In Louisiana, privilege is a defense to a defamation action.  The privilege defense is based on the notion that sometimes, as a matter of public policy, in order to encourage the free communication of views in certain defined instances, one is justified in communicating otherwise defamatory information to others without incurring liability.  However, the privilege can be lost if the party making the defamatory statements abused the privilege.

In this case, I instruct you that, as a matter of law, BCBS Louisiana's statements are protected by privilege.  Therefore, you must now determine whether Encompass has also proven that BCBS Louisiana abused its privilege.  In order to show that BCBS Louisiana abused the privilege, Encompass must prove that BCBS Louisiana knew, or should have known, that its statements were false when made or that it made the statements with a reckless disregard for the truth.  A person acts with a reckless disregard for the truth when she makes a false statement with a high degree of understanding that the statement is probably false.

[Encompass Proposed]                **<u>QUALIFIED PRIVILEGE</u>**

In Louisiana, privilege is a defense to a defamation action.  The privilege defense is based on the notion that sometimes, as a matter of public policy, in order to encourage the free communication of views in certain defined instances, one is justified in communicating otherwise defamatory information to others without incurring liability.  However, the privilege can be lost if the party making the defamatory statements abused the privilege.

In this case, I instruct you that, as a matter of law, BCBS Louisiana's statements are entitled to privilege.  Therefore, you must now determine whether Encompass has also proven that BCBS Louisiana abused its privilege.  In order to show that BCBS Louisiana abused the privilege, Encompass must prove that BCBS Louisiana knew, or should have known, that its statements were false when made or that it made the statements with a reckless disregard for the truth.  A person acts with a reckless disregard for the truth when she makes a false statement with a high degree of understanding that the statement is probably false.

---

Encompass's Proposed Qualified Privilege instruction differs from the question submitted by the Court at the October 2014 trial and the instruction proposed by BCBSLA by changing "protected to" to "entitled to" in the first sentence of the second paragraph.  This change is necessary to avoid jury confusion and to accurately convey the Court's ruling that as a legal matter, BCBSLA is entitled to the qualified privilege so long as it was not abused.

---

**[Joint]**          **<u>QUESTION NO. 4</u>**

Do you find by a preponderance of the evidence that Encompass proved that BCBS Louisiana

abused its qualified privilege when it wrote the letter in question?

Answer "Yes" or "No."

 ANSWER: _____

If you answered "YES" to the questions above, proceed to Question No. 5.  Otherwise, do not

answer any more questions and proceed to the Certificate page.

**[Joint]**          **STATUTE OF LIMITATIONS**

The law provides that there is a period of time in which people have to come into court and seek redress for their claims against another party.  This is what is known as the statute of limitations.  In Louisiana, it is called the prescriptive period.  Under Louisiana law, a party has *one year* from the date of the alleged injury or harmful act to bring its claim to court.

There is an exception to this rule called *contra non valentem.  Contra non valentem* means that the limitation period does not begin to run against someone who cannot bring his lawsuit because his cause of action is not reasonably known to him.  But if the person had sufficient knowledge to put him on notice that she should do something, then the limitations period begins at that time.  Under Louisiana law, a plaintiff has sufficient knowledge when she possesses information to incite her curiosity, excite attention, and put her on notice to make an inquiry.

**[Joint Except with Respect to Placement]**          **QUESTION NO. 5**

Did Encompass establish by a preponderance of evidence that it did not know, or could not reasonably have known, of the false content in the August 16, 2010 letter before April 3, 2012?  Answer "Yes" or "No."

 ANSWER: _____

If you answered "YES" to the question above, proceed to Question No. 6.  Otherwise, do not answer any more questions and proceed to the Certificate page.

**Encompass's Statement Concerning the Placement of the Statute of Limitations Question:**

The statute of limitations question on Encompass's defamation claim is best submitted as Question No. 5, after the jury decides the merits of Encompass's defamation claim (Question No. 3) and the qualified privilege defense (Question No. 4), because the answers to those questions may make answering the statute of limitations question unnecessary.  Additionally, the form of the statute of limitations question could confuse the jury if it is asked before they have determined whether Encompass proved all of the elements of its defamation claim.  For example, if the jury finds that Encompass did not prove that the letter at issue was false, then it could be confused by the reference to "false content" in the statute of limitations jury question.  Therefore, the statute of limitations jury question should be submitted as Question No. 5.

**BCBSLA's Statement Concerning the Placement of the Statute of Limitations Question:**

II.   THE ORDER OF THE JURY CHARGES ON THE TORT CLAIMS AND ADDITIONAL EDITS

PROPOSED BY ENCOMPASS.

Blue Cross and Blue Shield of Louisiana objects to any other edits to the jury charges

used at the prior trial because all of the parties' disagreements were subsumed into the jury

charges previously issued by the Court. With the exception of the order of the *contra non*

*valentem* charge, Encompass filed no other objection thereto as a basis for its Motion for New

Trial.

Blue Cross and Blue Shield of Louisiana objects to Encompass' request to reorder the

jury charges by placing the *contra non valentem* question before the substantive law questions. It

is appropriate to have the jury decide whether the time-barred tort claims can be revived by that

doctrine, prior to deciding substantive liability.  This very question was raised by Encompass in

the last charge conference and overruled by Judge Solis:

> THE COURT: And here is where I was thinking and the
> reason we conditioned it is if they find for you that the
> defamation claims were not timely, doesn't that defeat -- you
> can't have a tort claim. And that is why we tell them here,
> if you answer yes, proceed to Question No. 4, otherwise do not
> answer anymore questions and proceed to the certificate page.
> And then –
>
> MR. PHILLIPS [COUNSEL FOR ENCOMPASS]: That makes sense.
>
> THE COURT: If you answer no to Question No. 4, then
> answer No. 5. If you answer yes to Question No. 4, do not
> answer anymore questions and proceed to the certificate page.
>
> Charge Conference, Trial Transcript Vol. 6, p. 59.

In accordance with the foregoing, Blue Cross and Blue Shield of Louisiana submits that

the order of the jury charges should remain identical to that of the prior trial, and no further

changes made to the charges except as set forth above.  Specifically, the Statute of Limitations Instruction and following Question should be **QUESTION NO. 3**, the same as the prior Jury Charge.  *See also* Encompass Note and BCBSLA Response, *infra*., citing Trial Transcript Vol. 6, pps. 78 and Judge Solis's question, and Encompass counsel's agreement, on the rationale as to why the question on *contra non valentem* appear before questions on substantive liability for the two torts.

**[Joint]**          <u>**ENCOMPASS'S DEFAMATION DAMAGES**</u>

You must determine the damages, if any, to which Encompass is entitled.  Do not award any sum of money on any element if you have otherwise awarded, under some other element, a sum of money for the same loss.

"Proximate cause" means a cause that was a substantial factor in bringing about the injuries, if any.

**[Joint]**         <u>**QUESTION NO. 6**</u>

What sum of money, if paid now in cash, would fairly and reasonably compensate Encompass for its injuries, if any, that were proximately caused by the defamatory statements?

Consider only the elements of damages listed below and none other.  Consider each element separately.

1. Injury to Encompass's reputation sustained in the past.

Do not add any amount for interest on damages, if any.

Please enter a dollar amount below.

ANSWER:      $_____


2. Injury to Encompass's reputation that, in reasonable probability, Encompass will sustain in the future.

Do not add any amount for interest on damages, if any.

Please enter a dollar amount below.

ANSWER:      $ _____


Proceed to question No. 7.

**[Joint]**          <u>**ENCOMPASS'S DEFAMATION SPECIAL DAMAGES**</u>

Encompass claims that it should be awarded the amount of profits it lost because of BCBS Louisiana's alleged defamatory conduct.  Encompass has the burden to prove the measure of its lost profits with reasonable certainty.  This proof cannot be based on speculation, conjecture, or mere estimate of losses.

Lost profits are generally calculated by deducting the expenses that would have been incurred from the gross revenues that would have been realized.  Fixed costs—those that do not vary with changes in output—are not deducted from gross revenue when calculating an award.

Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss.

"Proximate cause" means a cause that was a substantial factor in bringing about the injuries, if any.

**[Joint]**          <u>**QUESTION NO. 7**</u>

What sum of money, if paid now in cash, would fairly and reasonably compensate Encompass

for its actual economic loss, if any, that was proximately caused by the defamatory statements?

Consider the elements of damages listed below and none other.  Consider each element

separately.

1. Lost profits sustained in the past.

Do not add any amount for interest on damages, if any.

ANSWER:      $_____

2. Lost profits that, in reasonable probability, will be sustained in the future.

Do not add any amount for interest on damages, if any.

ANSWER:      $_____

Proceed to question No. 8.

[Encompass's Proposed]        <u>ENCOMPASS'S TORTIOUS INTERFERENCE CLAIM</u>

Protection of a citizen in the pursuit of his business is as important as the security of his person and property.  No person is permitted to injure another in his business.  Thus, Louisiana law protects businesses from malicious and wanton interference.  Only interferences designed to protect a legitimate interest of the actor are permitted.

To recover for tortious interference with a business interest, Encompass Office Solutions must show that Blue Cross and Blue Shield of Louisiana improperly and maliciously influenced others not to deal with Encompass.  Encompass Office Solutions must show that Blue Cross and Blue Shield of Louisiana acted with actual malice.  This generally involves a showing of spite or ill will.  Conduct solely driven by a profit motive is insufficient to support a claim for tortious interference with a prospective business relationship.

Certainly a person may do business with whomever he chooses, and may if not prohibited by statute decline to do business with whomever he chooses.  But his right to influence others not to do business with someone is much more limited and is subject to the restrictions above.

**[Encompass's Proposed]**       <u>**QUESTION NO. 8**</u>

Do you find by a preponderance of evidence that BCBS Louisiana maliciously interfered with any prospective contractual or business relationship of Encompass, for example, contracts or relationships that Encompass might have had with health care providers that were part of the BCBS Louisiana network or patients that were insured by BCBS Louisiana?

Answer "Yes" or "No."

 ANSWER:  _____

If you answered "Yes" to question No. 8, proceed to question No. 9.  Otherwise proceed to the Certificate page.

---

Sources:       *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir. 1992)
               *JCD Mktg. Co. v. Bass Hotels and Resorts, Inc.*, 812 So. 2d 834, 841 (La. Ct. App. 2002)

---

***Encompass Notes***:     The element of wrongful or tortious conduct is covered by requiring a yes answer on defamation before the question is answered.


BCBSLA Response:  Under Louisiana law, the tort of defamation is separate and distinct from the tort of tortious interference with a business relationship.  Each is a stand-alone cause of action with elements distinct from the other, although certain elements may overlap.  This point was the subject of extensive discussion in the Charge Conference, following which the Court ordered that the question on *contra non valentem* come ***before*** the questions on substantive liability. *See* Trial Transcript Vol. 6, pps. 78 (THE COURT: … We will just go back. I just want to make sure you are in agreement that if the jury answers that you knew or should have known by April the 12th of 2012, then you are barred on the tortuous interference as well [in addition to defamation].  MR. COOKINGHAM: If the jury comes back and says you should have known that the statements were false before April 3rd, 2012, yes, we would be barred on both. MR. PHILLIPS: Yep.)

**[BCBSLA's Proposed]**        <u>QUESTION NO. 8</u>

**III.    THE JURY CHARGE ON TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS.**

Blue Cross and Blue Shield of Louisiana made certain additions to the jury charge used at the last trial, based on Louisiana jurisprudence decided subsequent thereto.

**<u>ENCOMPASS'S TORTIOUS INTERFERENCE CLAIM</u>**

Protection of a citizen in the pursuit of his business is as important as the security of his person and property. No person is permitted to injure another in his business. Thus, Louisiana law only protects businesses from malicious and wanton interference. Interferences designed to protect a legitimate interest of the actor are permitted.

To recover for tortious interference with a business interest, Encompass must show that Blue Cross and Blue Shield of Louisiana improperly and maliciously influenced others not to deal with Encompass. Encompass must show that Blue Cross and Blue Shield of Louisiana acted with actual malice. This is a very narrow requirement and generally involves a showing of spite or ill will. Conduct solely driven by a profit motive is insufficient to support a claim for tortious interference with a prospective business relationship. Encompass must also show that Blue Cross and Blue Shield of Louisiana actually prevented it from dealing with third parties; merely affecting its business interests is not enough.

Certainly a person may do business with whomever he chooses, and may, if not prohibited by statute, decline to do business with whomever he

chooses.   But his right to influence others not to do business with someone is much more limited and is subject to the restrictions above.

### QUESTION

Do you find by a preponderance of evidence that Blue Cross and Blue Shield of Louisiana both maliciously interfered with and actually prevented any prospective contractual or business relationship of Encompass, for example, contracts or relationships that Encompass might have had with health care providers that were part of the Blue Cross and Blue Shield of Louisiana network or patients that were insured by Blue Cross and Blue Shield of Louisiana?

See St. Landry Homestead Fed. Sav. Bank v. Vidrine 11 So.3d 470, 490(La. App. 3d Cir.2013) (quoting Bogues v. La. Energy Consultants, Inc., 71 So.3d 1128 (La. App. 2 Cir.2011)); see also Boudreaux v. OS Rest. Servs., L.L.C. 2015 U.S. Dist. LEXIS 8090 (E.D. La.2013) (citing St. Landry); See also Total Safety v. Rowland 2014 U.S. Dist. LEXIS 161964 (E.D. La.2014) (citing St. Landry).

The above jury instruction and charge, save for the additions to reflect recent Louisiana jurisprudence, are identical to the charge ordered by the Court following the charge conference. However, Blue Cross and Blue Shield of Louisiana additionally suggests the following instruction and charge, written in plain language, replace the prior version for ease of the jury's understanding of Louisiana law on this subject.

### ENCOMPASS'S TORTIOUS INTERFERENCE CLAIM

No person is permitted to injure another in his business. However, Louisiana law only protects businesses from malicious and wanton interference. Interferences designed to protect a legitimate interest of the actor are permitted.

To recover for tortious interference with a business interest, Encompass must show that Blue Cross and Blue Shield of Louisiana improperly and maliciously influenced others not to deal with Encompass. Encompass must show that Blue Cross and Blue Shield of Louisiana acted with actual malice. This is a very narrow requirement and generally involves a showing of spite or ill will. Conduct driven by a profit motive is insufficient to support a claim for tortious interference with a prospective business relationship. Encompass must also show that Blue Cross and Blue Shield of Louisiana actually prevented Encompass from dealing with doctors. Merely affecting affecting Encompass' business interests is not enough.

Certainly a person may do business with whomever he/she chooses, and may if not prohibited by statute decline to do business with whomever he/she chooses. A person's right to influence others not to do business with someone is subject to the restrictions above.

**QUESTION**

Do you find by a preponderance of evidence that Blue Cross and Blue Shield of Louisiana maliciously interfered with and actually prevented Encompass from offering its services to doctors that were part of the Blue Cross and Blue Shield of Louisiana network?

**[Joint]**         <u>**ENCOMPASS'S TORTIOUS INTERFERENCE DAMAGES**</u>

Encompass claims that it should be awarded the amount of profits it lost because of BCBS Louisiana's alleged tortious conduct.

Lost profits are generally calculated by deducting the expenses that would have been incurred from the gross revenues that would have been realized.  Fixed costs—those that do not vary with changes in output—are not deducted from gross revenue when calculating an award.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

**[Joint]**          <u>**QUESTION NO. 9**</u>

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Encompass for its damages, if any, proximately caused by such interference?

Consider the following elements of damages, if any, and none other.  Do not add any amount for interest on damages, if any.

Please enter a dollar amount below.

Do not add any amount for interest on damages, if any.

1. Lost profits sustained in the past.

ANSWER: _____

2. Lost profits that, in reasonable probability, will be sustained in the future.

Do not add any amount for interest on damages, if any.

ANSWER: _____

Proceed to the Certificate page.

## <u>CERTIFICATE</u>

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our verdict.

Dated June_____, 2016

_____
Presiding Officer of the Jury (signature)

Dated: June 10, 2016.

Respectfully submitted,

By:    /s/ Jennifer Ecklund
     Greg W. Curry
     State Bar No. 05270300

     William L. Banowsky
     State Bar No. 01697125

     Jennifer Rudenick Ecklund
     State Bar No. 24045626

     Andrew Cookingham
     State Bar No. 24065077

     Reed C. Randel
     State Bar No. 24075780

THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
FAX (214) 969-1751

ATTORNEYS FOR PLAINTIFF,
ENCOMPASS OFFICE SOLUTIONS, INC.

By: /s/ Jonathan Herman

    Jonathan M. Herman
    State Bar No. 24052690
    HERMAN LAW FIRM
    1601 Elm Street, Suite 2002
    Dallas, Texas 75201
    Telephone: (214) 624-9805
    Facsimile: (469) 383-3469

    Allison N. Pham (TX Bar No. 24053399)
    Charles A. O'Brien III, pro hac vice
    5525 Reitz Avenue
    Post Office Box 98029
    Baton Rouge, Louisiana 70898-9029
    Telephone: (225) 295-2199
    Facsimile:  (225) 297-2760

    ATTORNEYS FOR DEFENDANT LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA

## CERTIFICATE OF SERVICE

    I hereby certify that on June 10, 2016, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another method authorized by Federal Rule of Civil Procedure 5(b)(2).

        /s/ Andrew Cookingham
        Andrew Cookingham