IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENCOMPASS OFFICE SOLUTIONS, INC., | § § § § § | |
| Plaintiff, | § | |
| v. | § § | No. 3:11-cv-01471-M |
| LOUISIANA HEALTH SERVICE & INDEMNITY CO. D/B/A BLUECROSS BLUESHIELD OF LOUISIANA, | § § § § | |
| Defendant. | § § | |



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 23 2016
CLERK, U.S. DISTRICT COURT
By _____ Deputy

## COURT'S CHARGE TO THE JURY

Members of the Jury:

### INTRODUCTION

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It was my duty to preside over the trial and to decide what evidence was proper for your consideration. It is also my duty, now at the end of the trial, to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions that apply in every case; for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally, I will explain to you the procedures you should follow in your deliberations.

### GENERAL INSTRUCTIONS

It is my duty and my responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

Throughout these instructions, I will refer to Plaintiff Encompass Office Solutions, Inc. as "Plaintiff" or "Encompass." I will refer to Defendant Louisiana Health Services Co., doing business as BlueCross BlueShield of Louisiana, as "Defendant" or "BCBSLA."

Both Plaintiff and Defendant are corporations, which act through their agents and employees. A corporation is responsible under the law for acts and statements of its employees which are made within the course and scope of their duties as employees.

Under the law, a corporation is considered a person and all persons are equal before the law. Corporations are entitled to the same fair and conscientious consideration by you as any other person.

The fact that Plaintiff brought a lawsuit and is in court seeking damages creates no inference that it is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

If I have given you the impression during the trial that I favor either side, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of my instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses, whether live or by sworn, prior recording, exhibits introduced by the parties, and stipulations of the parties constitute the evidence. The statements of counsel are not evidence. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for Plaintiff or Defendant in arriving at your verdict.

Plaintiff must prove its claims by a "preponderance of the evidence." To establish something by a preponderance of the evidence means to prove it is more likely so than not so. If you find that Plaintiff has failed to prove any element of a claim in this case by a preponderance of the evidence, then there shall be no recovery on that claim. Plaintiff has the burden of proof on all issues except where I expressly indicate otherwise.

In determining whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all the witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have introduced them, the stipulations, and any fair inferences and reasonable conclusions you can draw

from the facts that have been proven. In other words, you may make deductions and reach conclusions that common sense leads you to draw from the facts which have been established by the evidence.

During the trial, if I sustained objections to certain questions and exhibits, you must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Also, certain testimony or other evidence may have been ordered stricken from the record, and if so, you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken or which I instructed you to disregard in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from all of the evidence by a preponderance of the evidence.

You alone are to determine the questions of credibility or truthfulness of a witness. In weighing the testimony of a witness, you may consider the witness's manner and demeanor on the witness stand, and any feelings or interest of the witness in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. You may ask yourself a few questions. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made on the witness stand? You should give the testimony of each witness the credibility you think it deserves.

In determining the weight to give to the testimony of a witness, you may consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or an unimportant detail.

Even though a witness may be a representative of a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Certain testimony has been presented to you through sworn, recorded answers to questions witnesses were asked in advance of this trial. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you. This testimony is entitled to the same consideration and weight and is to be otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries, sometimes referred to as demonstrative aids, are not evidence or proof of any facts and will not go back to the jury room. If your view of the evidence differs from what is contained in such charts and summaries, you should rely on your own view of the evidence.

If Plaintiff has proven its claims against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

After I finish reading these instructions, the lawyers will make closing arguments. Remember, closing arguments are not evidence, but rather are the attorneys' interpretations of what the evidence has shown or not shown.

## SPECIFIC INSTRUCTIONS AND QUESTIONS

### BREACH OF CONTRACT CLAIM

Encompass claims BCBSLA did not comply with the health benefits agreements it had with its plan members. To find that BCBSLA failed to comply, you must find that Encompass proved that payment on a claim was due, and that Defendant failed to pay that claim.

*QUESTION NO. 1(a)*

Do you find by a preponderance of the evidence that BCBSLA failed to comply with the health benefit agreements it had with its members?

Answer "Yes" or "No."

Answer: ___Yes___

If you answered "Yes" to Question No. 1(a), then answer Questions No. 1(b) and No. 2. If you answered "No" to question No. 1(a), proceed to Question No. 3.

*QUESTION NO. 1(b)*

Do you find by a preponderance of the evidence that Encompass proved that BCBSLA did not have just and reasonable grounds to delay or deny payment to Encompass?

Answer "Yes" or "No."

Answer: ___Yes___

You must determine damages to be awarded to Encompass resulting from the conduct found by you in answer to Question No. 1(a).

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You should not award damages for speculative injuries, but only for those injuries actually suffered. On the other hand, the law does not require that Encompass prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Defendant's members have executed documents assigning to Plaintiff any rights they might have to receive reimbursement from Defendant. You should therefore assume that Plaintiff has the right to assert those claims for reimbursement and to recover any damages caused by any failure of Defendant to comply with its agreements with its members.

*QUESTION NO. 2*

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff for its damages per claim, if any, that resulted from Defendant's failure to comply with the health benefit agreements it had with its members?

Consider the following element of damages, if any, and none other: The amount that Defendant was obligated to pay for each claim under its agreements with its members for the services rendered by Plaintiff. Do not add any amount for interest on damages, if any.

Please enter an amount, in dollars and cents, or zero.

Answer: $ ___2,500.—___ / per claim

5

Proceed to Question No. 3.

## DEFAMATION CLAIM

Plaintiff claims Defendant is liable for defamation based on Defendant's August 16, 2010 letter. A statement constitutes "defamation" if it is false and tends to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise to expose a person to contempt or ridicule. A corporation is considered a "person."

In order to prove its defamation claim, Plaintiff must prove all of the following elements: (1) that Defendant wrote defamatory words about Plaintiff; (2) that the words were published; (3) that the words were false; (4) that Defendant negligently or maliciously wrote the defamatory words; and (5) that Plaintiff was actually harmed by the defamation.

Negligence means failure to do what an ordinary prudent person would have done under similar circumstances. A statement is malicious when it is made with the knowledge that the statement is false or with reckless disregard for whether the statement is false.

"Published" means negligently or maliciously communicated to a person, other than Plaintiff, who was capable of understanding its meaning.

In deciding whether Defendant's August 16, 2010 letter is defamatory, you must construe the letter as a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it.

Plaintiff may not recover for its claim of defamation if Defendant is able to show that the alleged defamatory statements were true.

*QUESTION NO. 3*

Do you find by a preponderance of the evidence that Plaintiff proved defamation as to the August 16, 2010 letter?

Answer "Yes" or "No."

Answer: _Yes_

If you answered "Yes" to Question No. 3, proceed to Question No. 4. If you answered "No" to Question No. 3, do not answer any more questions and proceed to the Verdict page.

## PRIVILEGE

"Privilege" is a defense to this defamation action. The privilege defense is based on the notion that sometimes, as a matter of public policy, in order to encourage the free communication of views in certain defined instances, one is justified in communicating otherwise defamatory information to others without incurring liability. However, the privilege can be lost if the party making the defamatory statements abused the privilege.

In this case, I instruct you that, as a matter of law, Defendant's statements are privileged, but that privileged statements can be actionable if the privilege is abused. Therefore, you must now determine whether Plaintiff has proved that Defendant abused its privilege. To show that Defendant abused its privilege, Plaintiff must prove that Defendant knew, or should have known, when it made its statements, that they were false, or that it made the statements with a reckless disregard for their truth. A person acts with a reckless disregard for the truth when it makes a false statement with a high degree of understanding that the statement is probably false.

### *QUESTION NO. 4*

Do you find by a preponderance of the evidence that Plaintiff proved that Defendant abused its privilege when it wrote the August 16, 2010 letter?

Answer "Yes" or "No."

Answer: __Yes__

If you answered "Yes" to Question No. 4, proceed to Question No. 5. If you answered "No" to Question No. 4, do not answer any more questions and proceed to the Verdict page.

## TORTIOUS INTERFERENCE CLAIM

No person is permitted to injure another in its business. Thus, Louisiana law protects businesses from malicious and wanton interference. Interferences designed to protect a legitimate interest of the actor are permitted.

To recover for tortious interference with a business interest, Plaintiff must show that Defendant improperly and maliciously influenced others not to deal with Plaintiff. Plaintiff must show that Defendant acted with actual malice. This is a very narrow requirement and generally involves a showing of spite or ill will. Conduct solely driven by a profit motive is insufficient to support a claim for tortious interference with a prospective business relationship. Plaintiff must also show that Defendant actually prevented it from dealing with persons with whom it otherwise would likely have established a business interest.

Certainly a person may do business with whomever it chooses, and may, if not prohibited by the law, decline to do business with whomever it chooses. But its right to influence others not to do business with someone is more limited and is subject to the restrictions above.

## *QUESTION NO. 5*

Do you find by a preponderance of the evidence that Defendant maliciously interfered with and actually prevented any prospective contractual or business relationship of Plaintiff, for example, contracts or relationships that Plaintiff might have had with health care providers that were part of the BlueCross BlueShield of Louisiana network or patients that were insured by BlueCross BlueShield of Louisiana?

Answer "Yes" or "No."

Answer: _Yes_

If you answered "Yes" to Question No. 3 or No. 5, proceed to Question No. 6. Otherwise, proceed to the Verdict page.

## **DAMAGES**

Plaintiff claims that it should be awarded the amount of profits it lost because of Defendant's defamatory conduct or tortious interference. Plaintiff has the burden to prove the measure of its lost profits with reasonable certainty. This proof cannot be based on speculation, conjecture, or mere estimate of losses.

Lost profits are generally calculated by deducting the expenses that would have been incurred from the gross revenues that would have been realized. Fixed costs—those that do not vary with changes in output—are not deducted from gross revenue when calculating an award.

"Proximate cause" means a cause that was a substantial factor in bringing about the injuries, if any.

## *QUESTION NO. 6*

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for its lost profits, if any, that were proximately caused by any defamatory statements/tortious interference found by you in answer to Questions No. 3 and No. 5? Consider only the element of damages listed below. Do not add any amount for interest on damages, if any.

Lost profits sustained through December 31, 2016.

Please enter an amount, in dollars and cents, or zero.

Answer: $ 7,353,010.—

Proceed to Question No. 7.

## STATUTE OF LIMITATIONS/PRESCRIPTIVE PERIOD

The law provides that there is a period of time in which people have to come into court and seek redress for their claims from another party. This is what is known as the statute of limitations. In Louisiana, it is called the prescriptive period. Under Louisiana law, a party has *one year* from the date of the alleged injury or harmful act to bring its claim to court. This claim was asserted on April 4, 2013.

There is an exception to the prescriptive period called *contra non valentem*. "Contra non valentem" means that the prescriptive period does not begin to run against a person who cannot bring its lawsuit because its cause of action is not reasonably known to it. But if a person had sufficient knowledge to put it on notice that it should do something about its claim, then the limitations period begins at that time. Under Louisiana law, a plaintiff has sufficient knowledge when it possesses enough information to incite its curiosity, excite attention, and put it on notice to make an inquiry.

### QUESTION NO. 7

Did Plaintiff establish by a preponderance of the evidence that it did not know, or should not reasonably have known, of the false content in the August 16, 2010 letter before April 3, 2012, which is one year before the claims were asserted?

Answer "Yes" or "No."

Answer: Yes

Proceed to the Verdict page.

## POST-ARGUMENT INSTRUCTIONS

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. Do not deliberate unless all of you are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

Your verdict must be unanimous. A form of verdict has been prepared for your convenience. The foreperson will write the answer of the jury in the space provided for each question. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the court to answer your message.

I want to advise you that although our court reporter has taken down all of the testimony, it is not done in such a way that we can read back or furnish testimony to you at your request. Only when you have a specific disagreement as to a particular witness's testimony on a specific subject can we attempt to obtain that information for you.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any question, until after you have reached a verdict, unless I instruct you otherwise.

You may now retire to the jury room to conduct your deliberations.

Dated: June 23, 2016.

_____
BARBARA M.G. LYNN
CHIEF JUDGE